UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RYAN BELLOW, Individually and for Others Similarly Situated,<br><br>v.<br><br>DIMENSION OILFIELD PRODUCTS, LLC | CASE NO. 4:17-cv-2542<br><br>FLSA COLLECTIVE ACTION |

## ORIGINAL COMPLAINT

### SUMMARY

1. Dimension Oilfield Products, LLC (Dimension Oilfield) did not pay Ryan Bellow (Bellow) overtime as required by federal law.

2. Instead, Dimension Oilfield paid Bellow a set amount per day worked, regardless of how many hours he worked in a week.

3. Bellow brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

6. Dimension Oilfield is headquartered in this District and Division.

7. Dimension Oilfield paid Bellow, and others similarly situated to him, in or from this District and Division.

### PARTIES

8. Bellow was an employee of Dimension Oilfield.

1

9. Bellow started working for Dimension Oilfield in late 2016 and left Dimension Oilfield in March of 2017.

10. Dimension Oilfield paid Bellow a day rate for each day that he worked.

11. His written consent is attached.

12. The workers who are similarly situated to Bellow are the "Day Rate Workers."

13. Dimension Oilfield is a limited liability company. Dimension Oilfield may be served with process by serving its registered agent.

**FACTS**

14. Dimension Oilfield was founded in 2013.

15. Since that time, Dimension Oilfield's annual revenues have exceeded $500,000.

16. It "offers skilled personnel through [its] Drilling Fluids Group and Solid Control Group."[1]

17. Dimension Oilfield is actively involved in the hiring process for the Day Rate Workers it provides to its clients.

18. Dimension Oilfield "select[s] professionals with recognized proven experience for the position at hand."[2]

19. And Dimension Oilfield maintains control of the working relationship when the Day Rate Workers are out performing work for its clients.

20. For example, Dimension Oilfield tells its clients that its "staff can be a valuable resource when determining an efficient cost effective waste management plan."[3]

---

[1] http://dimensionoilfield.com/
[2] *Id.*
[3] http://dimensionoilfield.com/services/

2

21. Indeed, "Dimension [Oilfield] works closely with [its] clients to give flexibility and control thought-out the scope of work."[4]

22. These workers perform services for Dimension Oilfield in many states, including Texas and Pennsylvania. They use items, such as tools and phones, that were produced for or moved in commerce.

23. Dimension Oilfield pays the Day Rate Workers a day rate for the days that they work.

24. Dimension Oilfield also reimburses the Day Rate Workers for their expenses.

25. Dimension Oilfield reimburses the Day Rate Workers for the mileage.

26. Dimension Oilfield pays the Day Rate Workers a *per diem* to cover living expenses.

27. Dimension Oilfield limits the ability of the Day Rate Workers to perform services for others.

28. Dimension Oilfield required the Day Rate Workers to agree "not perform" any similar work "for or on behalf of other customers, individuals, companies, competitors or clients other than Dimension [Oilfield]."

29. Dimension Oilfield maintains records of the days worked by, and amounts paid to, the personnel it provides to its clients.

30. Dimension Oilfield directs its personnel to turn in their "time sheet" to Dimension Oilfield "every Sunday."

31. Its employees must also give a report of the work they are performing on the rig.

32. Dimension Oilfield retains the right to terminate its Day Rate Workers' employment.

33. Dimension Oilfield's clients often provide pay rates and guidelines that Dimension Oilfield must follow in paying the Day Rate Workers.

34. The Day Rate Workers are often supervised by Dimension Oilfield's clients.

---

[4] http://dimensionoilfield.com/

35. Dimension Oilfield's Day Rate Workers regularly perform their job duties at locations controlled by Dimension Oilfield's clients and act as an integral part of the clients' workforces.

36. Thus, the Day Rate Workers provided by Dimension Oilfield are often joint employees of Dimension Oilfield's clients as well.

37. Dimension Oilfield is an employer and/or a joint employer of the personnel it provides to its clients.

38. Bellow was a Day Rate Worker employed by Dimension Oilfield.

39. Dimension Oilfield paid Bellow by the day.

40. Dimension Oilfield assigned Bellow to work for a client at an oil rig.

41. Bellow normally worked more than 40 hours in a week.

42. He typically worked 12+ hours a day, for as many as 7 days a week.

43. As a result, Bellow often worked 80+ hours a week.

44. His working hours are reflected in Dimension Oilfield's records.

45. Thus, rather than receiving time and half for hours exceeding 40 in a week as required by the FLSA, Dimension Oilfield only paid Bellow a set day rate for each day worked, regardless of the total number hours he worked in a week.

46. This day rate payment scheme violates the FLSA.

47. Dimension Oilfield has known of the overtime requirements of the FLSA since 2013.

48. In fact, on information and belief, Dimension Oilfield pays overtime to its "in-house" hourly staff (such as secretaries and receptionists).

49. Dimension Oilfield nonetheless failed to pay overtime to its Day Rate Workers.

50. Dimension Oilfield recklessly disregarded its obligations under the FLSA.

51. Dimension Oilfield's failure to pay overtime to the Day Rate Workers was, and is, a willful violation of the FLSA.

Case 4:17-cv-02542   Document 1   Filed on 08/18/17 in TXSD   Page 5 of 7

## COLLECTIVE ACTION ALLEGATIONS

52. Dimension Oilfield's illegal day rate payment policy extends well beyond Bellow.

53. Dimension Oilfield's illegal day rate payment policy that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006).

54. Dimension Oilfield paid dozens of Day Rate Workers according to its unlawful scheme.

55. Any differences in job duties do not detract from the fact that the Day Rate Workers were entitled to overtime pay.

56. The workers impacted by Dimension Oilfield's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

57. Therefore, the class is properly defined as:

**All Day Rate Workers who worked for Dimension Oilfield in the past 3 years.**

## CAUSE OF ACTION

58. Bellow incorporates the preceding paragraphs by reference.

59. By failing to pay Bellow and the Day Rate Workers overtime at one-and-one-half times their regular rates, Dimension Oilfield violated the FLSA's overtime provisions.

60. Dimension Oilfield owes Bellow and the Day Rate Workers the difference between the rate actually paid and the proper overtime rate.

61. Because Dimension Oilfield knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Dimension Oilfield owes these wages for at least the past three years.

62. Dimension Oilfield is liable to Bellow and the Day Rate Workers for an amount equal to all unpaid overtime wages as liquidated damages.

63. Bellow and the Day Rate Workers are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

Bellow prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all Day Rate Workers;

2. Judgment awarding Bellow and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. Pre- and post-judgment interest on all amounts awarded at the highest rate allowable; and

4. All such other and further relief to which Bellow and the Day Rate Workers to him may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: /s/ Rex Burch
     Richard J. (Rex) Burch
     Texas Bar No. 24001807
     David I. Moulton
     Texas Bar No. 24051093
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Richard M. Schreiber
State Bar No. 24056278
rschreiber@mybackwages.com
Andrew Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

DocuSign Envelope ID: 6833478E-73B0-4FB3-8D19-91CFB32B03F0

## CONSENT TO JOIN FORM

Printed Name: _Ryan bellow_

1. I hereby consent join the collective action lawsuit filed against **Dimension Oilfield Products, LLC, et al.**, to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firms and attorneys at BRUCKNER BURCH, PLLC as my attorneys to represent me in my wage claims.

4. I consent to having the named Plaintiff and Plaintiff's Counsel make all decisions regarding the litigation, including all decisions regarding settlement or trial.

5. If needed, I authorize the Plaintiff's lawyers to use this consent to file my claim in a separate lawsuit, if necessary, for the purpose of pursuing my claims against the Defendant.

Signature: _Ryan Bellow_ (DocuSigned by: 9071F3507343406)